05 CV 6848

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GREAT AMBITION SHIPPING INC.,

      Plaintiff,

- against -

WESTMINSTER OIL AND GAS LTD.,

      Defendant.
------------------------------------------------------------X



## VERIFIED COMPLAINT

The Plaintiff, Great Ambition Shipping Inc. (hereinafter "Plaintiff" or "Great Ambition"), by its attorneys, Tisdale & Lennon, LLC, as and for its Verified Complaint against the Defendant, Westminster Oil and Gas Ltd., (hereinafter "Defendant" or "Westminster") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code section 1333.

2. At all material times, Plaintiff was and still is an entity duly organized and existing by virtue of the laws of Hong Kong, China, with a place of business therein.

3. At all material times, Defendant was and still is an entity duly organized and existing by virtue of the laws of the United Kingdom, with a place of business therein, located at 47 Park Lane, Mayfair, London, England.

4. By maritime contract of charter dated May 11, 2005, Plaintiff chartered the motor vessel "GREAT AMBITION" to Defendant for a period of 23 to 25 months at a daily hire rate of $27,500.

5. During the course of said charter, certain disputes arose between the Plaintiff and Defendant relating to payment of hire, and on or about July 29, 2005 Defendant repudiated the charter, causing Plaintiff estimated loss and damage of $10,000,000.00, as best as can now be estimated.

6. Despite due demand, Defendant has failed to pay or otherwise secure the Plaintiff's claim.

7. As a result of the Defendant's breach of the aforesaid charter party, Plaintiff has and will continue to suffer losses in the total principal sum of $10,000,000.00, as best as can now be estimated, exclusive of interest, costs and reasonable attorney's fees, no part of which has been paid or secured.

8. Pursuant to Clause 73 of the May 11, 2005 charter party, all disputes arising thereunder are to be submitted to arbitration in London, England. Plaintiff has appointed its arbitrator.

9. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the action.

| | | |
|---|---|---:|
| A. | On the principal claim: | $10,000,000.00 |
| B. | 2 years interest at 5% per annum: | $1,000,000.00 |
| C. | Arbitrator's fees and expenses: | $50,000.00 |
| D. | Attorneys' fees and expenses: | $100,000.00 |
| | Total: | **$11,150,000.00** |

10. Defendant, Westminster Oil and Gas Ltd., cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime

Claims of the Federal Rules of Civil Procedure, but upon information and belief Westminster Oil and Gas Ltd. has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees, American Express Bank, Bankers Trust, Bank of America, Bank of China, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Credit Suisse First Boston, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, Union Bank of Switzerland and/or Wachovia Bank.

11.     Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules and the Federal Arbitration Act, 9 U.S.C. §§ 1 and 8 attaching, *inter alia*, any assets of Westminster Oil and Gas Ltd. held by the garnishees for the purpose of obtaining personal jurisdiction over the Defendant and to secure its claim in arbitration.

WHEREFORE, Plaintiff prays:

A.     That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged;

B.     That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules and the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, American Express Bank, Bankers Trust, Bank of America, Bank of China, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank,

Credit Suisse First Boston, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, Union Bank of Switzerland and/or Wachovia Bank which are due and owing to the Defendant, in the amount of **$11,150,000.00** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

    C.    That this Court retain jurisdiction over this matter through the entry of a final arbitral award and any appeals thereof; and

    D.    That the Plaintiff is granted such other further and different relief as this Court may deem just and proper.

Dated: August 1, 2005
       New York, New York

The Plaintiff,
GREAT AMBITION SHIPPING INC.

By: _____
Patrick F. Lennon (PL 2162)
TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 (Phone)
(212) 869-0067 (Fax)

## ATTORNEY VERIFICATION

State of Connecticut  )
                      )   ss: SOUTHPORT
County of Fairfield   )

1. My name is Patrick Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am attorney for the Plaintiff, Great Ambition Shipping Inc., in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its English solicitors, all of which I believe to be true and accurate.

Dated: August 1, 2005
       Southport, Connecticut

_____
Patrick F. Lennon